UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY (USA) INC. as agent for MSC MEDITERRANEAN SHIPPING COMPANY S.A.<br><br>Plaintiff,<br><br>v.<br><br>LF Logistics USA Inc. a.k.a. LF Logistics USA, LLC a.k.a. LF Freight (USA) LLC dba LF Logistics, and dba LF Logistics of Delaware, jointly, severally or in the alternative, CORPORATIONS 1-5, fictitious business entities to be named later; and, J. DOES 1-5, fictitious individuals to be named later,<br><br>Defendant. | Civil Action No. 22-4615<br><br><br><br>COMPLAINT<br>IN ADMIRALTY |

Plaintiff, Mediterranean Shipping Company (USA) Inc. as agent for MSC Mediterranean Shipping Company S.A. ("Plaintiff"), through its counsel, by way of Complaint against Defendant, LF Logistics USA Inc. a.k.a. LF Logistics USA, LLC a.k.a. LF Freight (USA) LLC dba LF Logistics, and dba LF Logistics of Delaware ("Defendant"), states as follows:

**PARTIES**

1. Plaintiff is a New York corporation with its principal place of business at 420 Fifth Avenue, 8th Floor, New York, New York 10018. Plaintiff is the agent in the United States for Mediterranean Shipping Company S.A. ("MSC"), a foreign company with its principal place of business at 12-14, Chemin Rieu, CH-1208, Geneva, Switzerland.

2. Upon information and belief, Defendant is a foreign business corporation registered in New York in 2008 with a place of business at 230-59 International Airport Center Blvd., Suite 270, Springfield Gardens, NY 11413.

1

3. Corporations 1-5 are business entities which may be jointly, severally and/or alternatively responsible for the amounts due and owing, and, may be named specifically at a later date, subject to further investigation and/or discovery.

4. J. Does 1-5 are individuals which may be jointly, severally and/or alternatively responsible for the amounts due and owing, and, may be named specifically at a later date, subject to further investigation and/or discovery.

## JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contracts within the jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim. Alternatively, this Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332, because the Plaintiff and Defendant are incorporated and domiciled in different states and the amount in controversy exceeds $75,000.00.

## COUNT I
### (For Money due Under Tariff and/or Service Contracts)

6. MSC is a common carrier by water, *inter alia*, in the foreign commerce of the United States as defined in the Shipping Act, and acted as such a common carrier for the benefit of Defendant.

7. Defendant is and was at all times herein mentioned a foreign business corporation registered in New York or other business organization and is and was a legal entity capable of being sued.

8. Upon information and belief, Defendant was and is acting as a Non-Vessel Operating Common Carrier and/or Ocean Transportation Intermediary as defined in 46 CFR 512.5

2

as to these shipments under the terms and conditions of the Bills of Lading attached hereto as <u>Exhibit A</u>, and acted at all times relevant as the shipper to Plaintiff's Bills of Lading, and as such, agreed to pay all freight, drayage, loading and other charges incident to the transportation of Defendant and/or its Nominee(s) and/or its Consignee(s) goods to their ultimate destinations.

9. Venue is proper in this judicial district because Defendant has its principal place of business in Queens County, New York.

10. MSC has filed a schedule of its rates, rules, charges, service contracts, and/or other terms applicable to its carriage of cargo, including detention and demurrage, with the Federal Maritime Commission, or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act. Pursuant to the Shipping Act, MSC is prohibited from transporting cargo for rates and/or charges other than the applicable rates or charges specified in its tariffs or service contracts. The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

11. MSC transported cargo for the benefit of Defendant during 2019, 2020 and 2021 in the foreign commerce of the United States in the course and scope of Defendant's operations. The relevant transportation services provided by MSC for the benefit of Defendant, as well as the applicable rates, charges, and terms are evidenced by MSC's bills of lading and/or freight bills, and invoices, the terms of which are incorporated herein through reference. MSC has fully performed its obligations under the relevant tariff(s) and contract(s) of carriage. Due to the voluminous size of invoices, one month of January, 2021 invoices is attached as <u>Exhibit "B"</u>. The total sum of unpaid invoices from 2019 - 2021 is $204,669.51.

12. Plaintiff has demanded that Defendant pay the full amount due of $204,669.51.

13. Defendant has knowingly and willfully failed and refused to pay Plaintiff the full amount due.

14. Consequently, Defendant is liable to Plaintiff in the amount of $204,669.51, plus costs, reasonable attorney fees and interest thereon.

## COUNT II
### (Breach of Contract)

15. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. Said transportation was performed pursuant to written contract(s) of carriage between MSC and Defendant, as evidenced by said bill(s) of lading and/or invoice(s) previously tendered to the Defendant and are too voluminous to attach hereto. Same is available to the Defendant as part and parcel of discovery.

17. MSC has fully performed its obligations under said contracts.

18. Plaintiff has demanded that Defendant pay the amount due under said contracts and Defendant has refused to pay thereon.

19. Consequently, Defendant is liable to Plaintiff in the amount of $204,669.51, plus costs, reasonable attorney fees and interest thereon.

## THIRD COUNT
### (Unjust Enrichment)

20. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Defendant has been unjustly enriched by failing to pay the ocean freight, demurrage and/or detention charges in an amount not less than $204,669.51.

## FOURTH COUNT
### (Quantum Meruit)

22. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. The fair value of the ocean cargo carriage and/or detention and/or demurrage services provided by MSC to Defendant is not less than $204,669.51.

## FIFTH COUNT
### (Account Stated)

24. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Plaintiff issued the subject bills of lading which identify Defendant as the shipper or consignee responsible for payment of all Freight, as stated in MSC's bill of lading terms and conditions.

26. Based on the account stated, Plaintiff has been damaged in an amount not less than $204,669.51.

## SIXTH COUNT
### (Attorney Fees)

27. Plaintiff restates and re-alleges the allegations contained in paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Based on the contract of carriage, Defendant is liable to Plaintiff for reasonable attorney fees and expenses incurred in collecting any sums due to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant on the Complaint for damages in an amount not less than $204,669.51, plus reasonable attorney's fees, interest, court costs, and any other relief that the court deems just and equitable.

Dated: August 4, 2022
        *John Manfredi*
        Manfredi Law Group, PLLC
        302 East 19th Street, Suite 2A
        New York, NY 10003

Attorney for Plaintiff
Mediterranean Shipping Company (USA) Inc. as agent for
MSC Mediterranean Shipping Company S.A.